# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| THOMAS DANIEL COMBS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18-cv-0001-TWP-DML |
| CLARK COUNTY JAIL, | ) |
| JAMEY NOEL, | ) |
| BRAD JONES, | ) |
| DIRECTOR CONLEN, | ) |
| SAM BEARD, | ) |
| SNELLING, | ) |
| Defendants. | ) |

**I. Motion for *In Forma Pauperis***

The plaintiff has filed a motion for court's assistance that the Court interprets as a motion to reconsider its January 9, 2018, entry denying his motion for *in forma pauperis*. The plaintiff's motion to reconsider, dkt. [7], is **granted** and the plaintiff is granted *in forma pauperis* status. Because the plaintiff is unable to obtain a copy of his institutional trust account, the initial partial filing fee is waived.

**II. Screening**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*,

551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Mr. Comb's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Mr. Combs sues the Clark County Jail, Jamey Noel, Brad Jones, Director Conlen, Sam Beard, and Nutter pursuant to 42 U.S.C. § 1983 for alleged violations of his federally secured

rights while the plaintiff was confined in the Clark County Jail. This implicates the Eighth Amendment. Because Mr. Combs was a pretrial detainee, it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment which is the source of this right. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)). However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012).

Here, Mr. Combs alleges a mold and rodent infestation throughout the jail. He also alleges that he is not allowed recreation time, a haircut, access to the jail library, extra blankets or sheets, and that he is not allowed underwear.

### III. Insufficient Claims

"Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . Monell's rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Here, claims against Jamey Noel, Brad Jones, Director Conlen, Sam Beard, and Nutter are dismissed as legally insufficient because there is no allegation of wrongdoing on their part. "Where

a complaint alleges no specific act or conduct on the part of the defendant . . . the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Jamey Noel, Brad Jones, Director Conlen, Sam Beard, and Nutter are **dismissed for failure to state a claim and they are dismissed as defendants from this action.**

Mr. Combs has also named the Clark County Jail. The Clark County Jail is not a suable entity. It is **dismissed** as a defendant from this action. *West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997) (Indiana municipal police departments are not suable entities); *Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014) (police department not suable); *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (county jail not a suable entity); *Beiler v. Jay County Sheriff's Office*, No. 1:11–CV–380, 2012 WL 2880563, at *2 (N.D. Ind. July 13, 2012) (sheriff's department not suable).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV.

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through February 20, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint should have the proper case number, 4:18-cv-0001-TWP-DML and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED**.

Date: 1/17/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THOMAS DANIEL COMBS
17566
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130