UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| THOMAS DANIEL COMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-0001-TWP-DML |
| | ) |
| OFFICER RESCHAR, | ) |
| OFFICER CUNNINGHAM, OFFICER HALL, | ) |
| OFFICER BROWN, OFFICER RICE, | ) |
| OFFICER WIMBERLY, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Amended Complaint and
Directing Further Proceedings**

**I. Pending Motions**

The plaintiff's motion for assistance with recruiting counsel, dkt. [11], is **denied** as premature. The complaint has not been screened, and the defendants have not been served. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

The plaintiff's motion to proceed *in forma pauperis*, dkt. [12], is **denied** a moot. The plaintiff was previously permitted to proceed *in forma pauperis* and an initial partial filing fee was waived. *See* dkt. 8.

**II. Screening**

The amended complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Mr. Comb's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific

constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Mr. Combs sues Officer K. Reschar, Officer Cunningham, Officer Hall, Officer Brown, Officer Rice, Officer Wimberly, and all nightshift officers of Clark County Jail pursuant to 42 U.S.C. § 1983 for alleged violations of his federally secured rights while the plaintiff was confined in the Clark County Jail. This implicates the Eighth Amendment. Because Mr. Combs was a pretrial detainee, it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment which is the source of this right. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)). However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012).

Here, Mr. Combs alleges that on several dates in October and December of 2017, the defendants kept him in a locked room with no working toilet and no running water. He was exposed to fecal matter, the odor of urine, and had no drinking water. He seeks money damages.

### III. Insufficient Claims

The claims against all nightshift officers of Clark County Jail are dismissed as legally insufficient because "it is pointless to include [an] anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

### IV. Claims that May Proceed

The conditions of confinement claims against the remaining defendants, Officer K. Reschar, Officer Cunningham, Officer Hall, Officer Brown, Officer Rice, Officer Wimberly **may proceed**. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1976 (1994).

The plaintiff shall report any future address changes within ten (10) days. The Court must be able to communicate in writing with the plaintiff. Failure to promptly report any address change may result in the dismissal of the action for failure to prosecute.

**The clerk is instructed** to update the docket to reflect that Officer K. Reschar, Officer Cunningham, Officer Hall, Officer Brown, Officer Rice, and Officer Wimberly are the only defendants in this action.

### V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Officer K. Reschar, Officer Cunningham, Officer Hall, Officer Brown, Officer Rice, and Officer Wimberly in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 2/15/2018

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas Daniel Combs, #17566
Clark County Jail
Inmate Mail/Parcels
501 E. Court Ave.
Jeffersonville, IN 47130

Officer K. Reschar
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130

Officer Cunningham
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130

Officer Hall
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130

Officer Brown
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130

Officer Rice
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130

Officer Wimberly
Clark County Jail
501 E. Court Ave.
Jeffersonville, IN 47130